IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CCP HF AND CCP NORTH AMERICA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WORLD WRESTLING ENTERTAINMENT, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE NO.: 08-CV-0490-MHS |

### DEFENDANT'S REPLY TO RESPONSE BY PLAINTIFFS TO DEFENDANT'S MOTION TO DISMISS

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this reply to the response (the "Response") by Plaintiffs CCP hf and CCP North America, Inc. (collectively "Plaintiffs") to Defendant's Motion to Dismiss.

Unable to respond to the merits of WWE's argument that their unfair competition claims are foreclosed by the Supreme Court's ruling in *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), Plaintiffs disingenuously accuse WWE of mischaracterizing the nature of their claims. Specifically, Plaintiffs accuse WWE of "only focus[ing] its brief on the false designation of origin element of Section 43(a) of the Lanham Act." *See* Response at 6. Of

course, WWE "focuses" on the false designation element of Section 43(a) because that is the only Section 43(a) claim that Plaintiffs have pled in their Complaint. Indeed, Count I of Plaintiffs' Complaint is expressly labeled "Unfair Competition Through False Designation of Origin." It is not WWE, therefore, that has mischaracterized anything, but rather Plaintiffs that are attempting to retroactively salvage their hopelessly defective unfair competition claims by recasting them as "trademark infringement claims," *see* Response at 1, without amending their pleading. This is wholly improper procedurally and, in any event, futile substantively.

*First,* Plaintiffs attempt to unduly narrow the scope of the Supreme Court's holding in *Dastar*. Contrary to Plaintiffs' misconstruction of the opinion, *Dastar* and its progeny do not merely bar Lanham Act claims that involve content subject to exclusive protection under copyright law. Rather, *Dastar* more generally holds that the term "origin" in Section 43(a) of the Lanham Act refers only to the producer of goods or services offered for sale and not to the creator or author of any idea, concept or communication embodied in those goods or services. *Dastar,* 539 U.S. at 37 (citation omitted). Thus, a false designation of origin claim under Section 43(a)—as Plaintiffs have alleged here—may survive only where the actual producer of goods or services is falsely portrayed. *Dastar,* 539 U.S. at 37.

Because WWE unquestionably is the source of its wrestling entertainment programming, any alleged use by WWE of the Gangrel name embodied in that programming cannot give rise to a false designation of origin claim as a matter of law.

*Second*, Plaintiffs attempt to avoid the preclusive effect of *Dastar* by attempting, through their Response, to recast their Complaint as one for trademark infringement. As an initial matter, "[i]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." *Securitypoint Media, LLC v. Adason Group, LLC*, No. 8:07-cv-444-T-24TGW, 2007 WL 2298024, at *3 (M.D. Fla. Aug. 7, 2007) (quoting *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004)); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (plaintiff may not amend pleading through argument in an opposition brief).

Substantively, moreover, Plaintiffs legal gymnastics fail on the key element that Plaintiffs do not allege that they have used or are using the Gangrel name as a trademark. Plaintiffs merely assert that they have used and continue to use the Gangrel name in commerce. This Court, however, recently found that such an allegation is insufficient to allege trademark rights.

3

"A plaintiff in a trademark infringement lawsuit must not only show that it used its mark in commerce, but also that it used the mark as a ***trademark* . . . .**" *Thoroughbred Legends, LLC v. Walt Disney Co.*, No. 1:07-CV-1275-BBM, 2008 WL 616253, at *5 (N.D. Ga. Feb. 12, 2008) (emphasis in original). A "trademark," as defined in 15 U.S.C. 1127, must be used "to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others, and to indicate the source of the goods." *Two Pesos, Inc. v. Taco Cabana*, 505 U.S. 763, 767 (1992); *see also Int'l Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (finding that a trademark must be used "to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods.").

In addition to not being expressly alleged, it is apparent from the Complaint that the name Gangrel does not serve to identify Plaintiffs as the source of the role playing game Vampire: The Masquerade, or any other product for that matter. Plaintiffs assert that "Gangrel" merely refers to a creative concept—a clan of vampire characters—embodied in Plaintiffs' Vampire: The Masquerade game. Any rights that Plaintiffs may have to such creative concept cannot be vindicated by bringing a claim under the Lanham Act.

Accordingly, for all of the foregoing reasons and the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss, WWE's Motion to Dismiss should be granted and the Complaint should be dismissed.

This 18th day of April, 2008.

Respectfully submitted,

**/S/ John L. Taylor, Jr.**
Attorneys for Defendant World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia State Bar No. 700400
Otto F. Feil
Georgia State Bar No. 257288
**CHOREY, TAYLOR & FEIL**
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326-1148
Telephone: 404-841-3200

Jerry S. McDevitt
Curtis B. Krasik
**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 355-6500

## **LR 5.1(B) CERTIFICATION**

Pursuant to Local Rule 5.1(B), counsel for Defendant World Wrestling Entertainment, Inc. hereby certifies that this pleading has been prepared with Times New Roman 14 pt. font as required by the Rule.

<pre>
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
</pre>

| | |
|---|---|
| CCP HF and CCP NORTH AMERICA, INC., ) ) ) Plaintiffs, ) ) v. ) ) WORLD WRESTLING ENTERTAINMENT, INC., ) ) ) Defendant. ) ) | CIVIL ACTION FILE NO. 1:08-CV-0490-MHS |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **Defendant's Reply to Response by Plaintiffs to Defendant's Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Steven M. Kushner, Esq. **(skushner@fellab.com)**
Thomas J. Mihill, Esq.    **(tmihill@fellab.com)**
**FELLOWS LaBRIOLA LLP**
Peachtree Center
Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
Tel: (404) 586-9200
Fax: (404) 586-9201

Attorneys for Plaintiffs
CCP hf and CCP North America, Inc.

This 18th day of April, 2008.

/S/ **Sanjay Ghosh**
Attorney for
Defendant World Wrestling
Entertainment, Inc.

Sanjay Ghosh
Georgia State Bar No. 141611
**CHOREY, TAYLOR & FEIL, A Professional Corporation**
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326-1148
Telephone: 404-841-3200
Facsimile: 404-841-3221
Email: sghosh@ctflegal.com