IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CCP HF AND CCP NORTH AMERICA, INC., ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) | NO. 08-CV-0490-MHS |
| v. ) | |
| ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., ) ) ) | |
| Defendant. ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following Answer and Affirmative Defenses in response to the Complaint filed by Plaintiffs CCP hf and CCP North America, Inc. (collectively, "CCP").

### I.    Parties

1.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.    WWE admits only that it is a Delaware corporation with its principal place of business in Connecticut.  The remaining allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

## II.    Jurisdiction and Venue

5.    The allegations set forth in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

6.    The allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied, except that it is admitted only that the Complaint purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) and the principles of supplemental jurisdiction.

7.    The allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied, except that it is admitted only that

the Complaint purports to assert venue in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b).

8.  The allegations set forth in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied, except that it is admitted only that WWE conducts business in Georgia.

### III.  Allegations Common To All Claims For Relief

### A.  CCP's Trademark

9.  WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.  WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.  WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.  WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.  WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.    The allegations set forth in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is deemed necessary, those allegations are denied.

15.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.    WWE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

**B.    License to WWE**

18.    WWE admits the allegations set forth in Paragraph 18 of the Complaint.

19.    WWE denies that allegations set forth in Paragraph 19 of the Complaint, except that it is admitted only that in 1998 David Heath was under contract to WWE and began using the name "Gangrel."

20.    WWE denies that allegations set forth in Paragraph 20 of the Complaint, except that it is admitted only that White Wolf contacted Titan in 1998.

21.     WWE denies the allegations set forth in Paragraph 21 of the Complaint, except that it is admitted only that Titan and White Wolf entered into a license agreement.

22.     The allegations set forth in Paragraph 22 of the Complaint contain an incomplete statement of the pertinent provisions of the license and are therefore denied.

23.     The allegations set forth in Paragraph 23 of the Complaint contain an incomplete statement of the pertinent provisions of the license and are therefore denied.

24.     WWE denies the allegations set forth in Paragraph 24 of the Complaint, except that it is admitted only that between October 1, 1998 and September 30, 2003 David Heath appeared in certain WWE events using the name "Gangrel."

25.     WWE admits the allegations set forth in Paragraph 25 of the Complaint.

26.     WWE denies the allegations set forth in Paragraph 26 of the Complaint.

27.     WWE denies the allegations set forth in Paragraph 27 of the Complaint.

### C.   The Infringements

28.    The allegations set forth in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

29.    WWE denies the allegations set forth in Paragraph 29 of the Complaint.

30.    The allegations set forth in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

31.    WWE denies the allegations set forth in Paragraph 31 of the Complaint.

32.    WWE denies the allegations set forth in Paragraph 32 of the Complaint, except that it is admitted only that White Wolf contacted WWE in 2004.

33.    WWE denies the allegations set forth in Paragraph 33 of the Complaint.

34.    WWE denies the allegations set forth in Paragraph 34 of the Complaint.

35.   WWE admits the allegations set forth in Paragraph 35 of the Complaint.

36.   WWE denies the allegations set forth in Paragraph 36 of the Complaint, except that it is admitted only that David Heath appeared in the Battle Royal on the December 10, 2007 WWE RAW program using the name "Gangrel."

37.   WWE denies the allegations set forth in Paragraph 37 of the Complaint, except that it is admitted only that David Heath was identified by the name "Gangrel" on the December 10, 2007 WWE RAW program.

38.   WWE denies the allegations set forth in Paragraph 38 of the Complaint, except that it is admitted only that the ring announcers identified David Heath by the name "Gangrel" on the December 10, 2007 WWE RAW program.

39.   WWE denies the allegations set forth in Paragraph 39 of the Complaint.

40.   WWE denies the allegations set forth in Paragraph 40 of the Complaint, except that it is admitted only that David Heath was identified by the name "Gangrel" on WWE's webpage advertising the December 10, 2007 WWE RAW program.

41.     WWE denies the allegations set forth in Paragraph 41 of the Complaint, except that it is admitted only that counsel for CCP sent a letter to WWE on December 18, 2007.

42.     WWE denies the allegations set forth in Paragraph 42, except that it is admitted only that the webpage advertising the December 10, 2007 WWE RAW program was removed after the program aired.

43.     WWE admits the allegations set forth in Paragraph 43 of the Complaint.

44.     WWE denies the allegations set forth in Paragraph 44 of the Complaint.

## IV.     Claims Against WWE

### Count I

### Unfair Competition Through False Designation of Origin

45.     WWE incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint as if set forth fully herein.

46.     The allegations set forth in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

47.     The allegations set forth in Paragraph 47 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

48.     The allegations set forth in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

49.     The allegations set forth in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

50.     The allegations set forth in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

51.     The allegations set forth in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

52.     The allegations set forth in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

## Count II

## Deceptive Trade Practices

53.    WWE incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint as if set forth fully herein.

54.    The allegations set forth in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

55.    The allegations set forth in Paragraph 55 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

56.    The allegations set forth in Paragraph 56 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

57.    The allegations set forth in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

58.    The allegations set forth in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

## Count III

### Fraud Pursuant to O.C.G.A. § 23-2-55

59.     WWE incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint as if set forth fully herein.

60.     The allegations set forth in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

61.     The allegations set forth in Paragraph 61 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

62.     The allegations set forth in Paragraph 62 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

63.     The allegations set forth in Paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

64.     The allegations set forth in Paragraph 64 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

65.     The allegations set forth in Paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

66.     The allegations set forth in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

67.     The allegations set forth in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

68.     The allegations set forth in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

## Count IV

## Expenses of Litigation

69.     WWE incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint as if set forth fully herein.

70.     The allegations set forth in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

WWE denies each and every allegation set forth in CCP's Prayer for Relief and denies that CCP is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

WWE asserts the following affirmative defenses to the claims in the Complaint.

### First Affirmative Defense

CCP's claims are barred, in whole or in part, because the Complaint fails to state claims upon which relief may be granted.

### Second Affirmative Defense

CCP lacks standing to bring the claims set forth in the Complaint.

### Third Affirmative Defense

CCP's claims are barred, in whole or in part, because CCP has no protectible trademark rights in the name "Gangrel."

### Fourth Affirmative Defense

CCP's claims are barred, in whole or in part, because WWE's alleged use of "Gangrel" did not constitute trademark use.

### Fifth Affirmative Defense

CCP's claims are barred, in whole or in part, because WWE's alleged use of "Gangrel" was *de minimis.*

### Sixth Affirmative Defense

CCP's claims are barred, in whole or in part, by the fair use doctrine.

### Seventh Affirmative Defense

CCP's claims are barred, in whole or in part, by laches.

### Eighth Affirmative Defense

CCP's claims are barred, in whole or in part, by the applicable statute of limitations.

### Ninth Affirmative Defense

CCP's claims are barred, in whole or in part, by waiver.

### Tenth Affirmative Defense

CCP's claims are barred, in whole or in part, by acquiescence.

### Eleventh Affirmative Defense

CCP's claims are barred, in whole or in part, by estoppel.

### Twelfth Affirmative Defense

CCP's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

### Thirteenth Affirmative Defense

CCP's claims are barred, in whole or in part, by public policy.

### Fourteenth Affirmative Defense

CCP's claims are barred, in whole or in part, because "Gangrel" does not distinctively identify CCP's alleged goods or services.

### Fifteenth Affirmative Defense

CCP's claims are barred, in whole or in part, because CCP has not been damaged or injured by WWE's alleged use of "Gangrel."

WHEREFORE, WWE respectfully requests that this Court enter judgment against CCP on all of the claims set forth in the Complaint, and further award WWE its costs and expenses incurred in connection with the defense of those claims, including its attorneys' fees, along with any other relief that the Court deems just and proper.

This 6th day of October, 2008.

Respectfully submitted,

**/S/ Sanjay Ghosh**
Attorney for
Defendant World Wrestling
Entertainment, Inc.

**John L. Taylor**
Georgia State Bar No. 700400
Email: jtaylor@ctflegal.com
**Sanjay Ghosh**
Georgia State Bar No. 141611
Email: sghosh@ctflegal.com
**CHOREY, TAYLOR & FEIL,**
**A Professional Corporation**
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia  30326-1148
Telephone:  404-841-3200
Facsimile:  404-841-3221

Jerry S. McDevitt, Esq.
Curtis B. Krasik, Esq.
**K&L GATES LLP**
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222
Telephone: (412) 355-6500

# LR 5.1(B) CERTIFICATION

Pursuant to Local Rule 5.1 (B), counsel for Defendant World Wrestling Entertainment, Inc. hereby certifies that this pleading has been prepared with Times New Roman 14 point font as required by the Rule.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CCP HF and CCP NORTH AMERICA, INC.,      ) | |
|      ) | |
|      Plaintiffs,      ) | CIVIL ACTION FILE |
|      ) | NO. 1:08-CV-0490-MHS |
| v.      ) | |
|      ) | |
| WORLD WRESTLING ENTERTAINMENT, INC.,      ) | |
|      ) | |
|      Defendant.      ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

> Steven M. Kushner, Esq. **(skushner@fellab.com)**
> Thomas J. Mihill, Esq.    **(tmihill@fellab.com)**
> **FELLOWS LaBRIOLA LLP**
> Peachtree Center
> Suite 2300, South Tower
> 225 Peachtree Street, N.E.
> Atlanta, Georgia 30303
> Tel: (404) 586-9200
> Fax: (404) 586-9201
> *Attorneys for Plaintiffs*
> *CCP hf and CCP North America, Inc.*

This 6th day of October, 2008.

/S/ Sanjay Ghosh
Attorneys for Defendant World
Wrestling Entertainment, Inc.

Sanjay Ghosh
Georgia State Bar No. 141611
**CHOREY, TAYLOR & FEIL,**
**A Professional Corporation**
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia  30326-1148
Telephone:  404-841-3200
Facsimile:   404-841-3221
Email: sghosh@ctflegal.com